IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOPSTEP LLC and<br>TOPSTEPTECHNOLOGIES LLC,<br><br>     Plaintiffs,<br><br>vs.<br><br>PROEDGE CAPITAL LTD. CO.<br> dba TOP STEP FX,<br><br>     Defendant. | Case No. 1:25-cv-6705<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

  Plaintiffs Topstep LLC and TopstepTechnologies LLC (collectively, "*Topstep*"), by and through their undersigned attorneys, for their Complaint against Defendant ProEdge Capital Ltd. Co. dba TOP STEP FX, states and alleges as follows:

## NATURE OF THE CASE

  1. This is an action to cease Defendant's unauthorized and unlawful use of the designations TOP STEP FX and TOPSTEP FX for simulated trading evaluation services in violation of Topstep's rights in and to its TOPSTEP and TOPSTEPTRADER trademarks.

  2. Topstep seeks injunctive and monetary relief for injuries that have been, and will continue to be, caused by Defendant's infringement of Topstep's TOPSTEP and TOPSTEPTRADER trademarks.

## THE PARTIES

  3. Topstep LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 141 W. Jackson Blvd., Suite 4240, Chicago, IL 60604.

4. TopstepTechnologies LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 141 W. Jackson Blvd., Suite 4240, Chicago, IL 60604.

5. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Oklahoma, located and doing business at 8177 S. Harvard Avenue, Tulsa, OK 74137.

## JURISDICTION & VENUE

6. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.* This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121(a).

7. This Court has supplemental jurisdiction over Topstep's state law claims under 28 U.S.C. § 1367(a). These claims are so related to the other claims in this case, over which this Court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution.

8. Defendant is subject to this Court's personal jurisdiction in that it: (1) transacts business within the State of Illinois and this District; (2) contracts to supply goods or services in the State of Illinois and this District; and (3) has committed the tortious acts specified herein within the State of Illinois and this District.

9. Venue is proper under 28 U.S.C. § 1391(b) and (c) because the claims alleged in the Complaint arose, in part, in this District, and because the Court has personal jurisdiction over Defendant in this District.

## FACTS COMMON TO ALL COUNTS

### A. Topstep and Its TOPSTEP® and TOPSTEPTRADER® Marks

10. Topstep is an industry-leading futures prop trading firm that offers a trading talent evaluation program, enabling individuals to first learn how to trade in a simulated environment without risking their personal capital and then, once qualified, a risk-free opportunity to trade and earn actual capital.

11. Topstep uses the trademark TOPSTEP to identify and designate the source of its trading platform and talent evaluation program goods and services.

12. The TOPSTEP trademark has been used in connection with these goods and services dating back to 2010.

13. In addition to its extensive common law rights, Topstep owns several federal trademark registrations consisting of or including its TOPSTEP trademark, including those shown in the chart below (collectively, the "***TOPSTEP Marks***"):

| Mark | Reg. No./Reg. Date | Class/Goods & Services |
|---|---|---|
| TOPSTEP | Reg. No.: 5,460,589<br>Registered: May 1, 2018 | Int'l Class: 42<br>Providing temporary use of nondownloadable software for recruiting traders to trade financial instruments; providing temporary use of non-downloadable software for trading financial instruments |

| Mark | Reg. No./Reg. Date | Class/Goods & Services |
|---|---|---|
| TOPSTEP | Reg. No.: 6,615,303<br>Registered: Jan. 11, 2022 | Int'l Class: 9<br>Downloadable computer software and mobile applications for simulation of trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies; downloadable computer software and mobile applications for trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies in a simulated environment; downloadable computer software and mobile applications for monitoring, analyzing, and organizing financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies |
| TOPSTEP | Reg. No.: 6,615,304<br>Registered: Jan. 11, 2022 | Int'l Class: 36<br>Providing capital and financing for use in trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies; providing financing to individuals, freelancers, start-ups, existing businesses and non-profits; financial sponsorship of individuals trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (non-fungible tokens), and other virtual currencies; financial information; financial advice; providing information, commentary, and advice in the field of finance, financial investments, financial markets, securities, commodities, equities, forex, foreign exchanges, and also cryptocurrency, crypto tokens, NFTs (non-fungible tokens), and other virtual currencies |

| Mark | Reg. No./Reg. Date | Class/Goods & Services |
|---|---|---|
| TOPSTEP | Reg. No.: 6,615,305<br>Registered: Jan. 11, 2022 | Int'l Class: 41<br>Educational services, namely, conducting classes, seminars, conferences, lectures, and workshops in the fields of finance, financial investments, financial markets, securities, commodities, equities, forex, foreign exchanges, and also cryptocurrency, crypto tokens, NFTs (non-fungible tokens), and other virtual currencies as well as the distribution of training materials in connection therewith; providing online nondownloadable game software; providing online digital publications in the nature of blogs, articles, e-books, podcasts, and videos in the field of finance, financial investments, financial markets, securities, commodities, equities, forex, foreign exchanges, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies via the Internet |
| TOPSTEP | Reg. No.: 6,615,306<br>Registered: Jan. 11, 2022 | Int'l Class: 42<br>Providing temporary use of online nondownloadable simulation software for trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies; providing temporary use of online non-downloadable software for trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies in a simulated environment; providing temporary use of online non-downloadable software for monitoring, analyzing, and organizing financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies; testing, training, analysis, and evaluation of the knowledge, skills and abilities of others in the field of trading financial investments, securities, commodities, equities, forex, and also cryptocurrency, crypto tokens, NFTs (nonfungible tokens), and other virtual currencies |
| TOPSTEPTRADER | Reg. No.: 4,370,279<br>[Supplemental]<br>Registered: July 16, 2013 | Int'l Class: 36<br>Recruiting and scouting for traders to trade financial instruments |

Attached collectively hereto as **Exhibit A**, and incorporated herein by reference, are true and correct copies of the certificates for the above-identified registrations.

14. The TOPSTEP Marks are valid and in full force and effect.

15. Topstep's U.S. Trademark Registration No. 5,460,589 for TOPSTEP is incontestable.

16. Topstep's TOPSTEP trademark is strong and inherently distinctive in connection with the goods and services for which it is used.

17. Topstep's TOPSTEPTRADER trademark is strong and has acquired distinctiveness in connection with the services for which it is used.

18. Topstep, directly and through its predecessors, is and has been continuously using the TOPSTEP Marks in connection with its high-quality trading platform, talent evaluation program, and related goods and services since at least as early as 2010.

19. As a result of Topstep's widespread, continuous, and exclusive use of the TOPSTEP Marks to identify its goods and services and Topstep as their source, Topstep owns valid and subsisting federal statutory and common law rights to the TOPSTEP Marks.

20. As a result of Topstep's long-term use and substantial investments of money, time, and effort in marketing, advertising, and promoting its trading goods and trading talent evaluation services sold under the TOPSTEP Marks, the TOPSTEP Marks have developed significant goodwill and consumer recognition, and have a highly valuable reputation.

**B. Defendant's Business and Its Infringing Use of TOPSTEP**

21. Upon information and belief, Defendant is a trading firm founded in Oklahoma in 2016 by Samuel Fowler.

6

22. Defendant purports to be in the business of promoting, marketing, advertising, offering, and selling trading goods and services that offer traders the opportunity to receive funding to trade futures contracts.

23. Defendant purports to offer a trading talent platform and evaluation programs like Topstep, wherein, once traders pass their evaluation phase, they are provided a funded trading account to trade and earn actual capital.

24. Upon information and belief, Defendant promotes, markets, advertises, offers, distributes, and/or sells its purported trading platform and talent evaluation program throughout the United States.

25. Defendant uses the designations "TOP STEP FX" and "TOPSTEP FX" to refer to its business, simulated trading evaluation program, and related goods and services.

26. Attached collectively as **Exhibit B**, and incorporated herein by reference, are true and correct copies of screenshots from Defendant's website describing and depicting its business and the goods and services it currently purports to offer.

27. Defendant promotes, markets, advertises, offers, distributes, and/or sells its business, simulated talent evaluation program, and related goods and services under the designations "TOPSTEP FX" and "TOP STEP FX" throughout the United States, including in the State of Illinois.

28. Defendant adopted, is using, and intends to continue using the designations "TOPSTEP FX" and "TOP STEP FX" with actual knowledge of Topstep's prior use of, and exclusive rights in, the TOPSTEP Marks.

29. Topstep has not consented to, or authorized in any way, Defendant's use of the well-known and federally registered TOPSTEP Marks.

30. Defendant markets and promotes its business, simulated talent evaluation program, and related goods and services under the "TOPSTEP FX" and "TOP STEP FX" designations on and through various platforms and channels, including on the internet and social media.

31. Upon information and belief, Defendant only recently changed its operating name—from "Pro Edge Capital" to "Top Step FX"— and commercially launched (on or around September 12, 2024) and has started competing directly with Topstep.

32. Since its commercial launch, Defendant has already significantly harmed Topstep's goodwill. As of the date of this Complaint, Defendant has accumulated many consumer complaints, many of which report that Defendant is defrauding consumers. These complaints specifically identify Defendant, doing business as "Topstepfx" as the source of this illegal conduct.

33. Attached collectively as **Exhibit C**, and incorporated herein by reference, are true and correct copies of screenshots from Trustpilot, a third-party online review community website, in which multiple consumers have described and depicted the illegal activities of Defendant and its "Topstep FX"/"Top Step FX"/"TOPSTEPFX" business, and have warned others regarding the purported goods and services being offered by Defendant and its business.

34. On December 17, 2024, Topstep's counsel sent a cease-and-desist letter to Defendant, explaining that its use of the designation TOP STEP FX in the US conflicts with Topstep's rights in and to the TOPSTEP Marks and requesting confirmation that Defendant would cease its use of the TOP STEP FX designation. True and correct copies of the December 17, 2024, email to Defendant's email address and the December 17, 2024, cease-and-desist letter

attached thereto are attached collectively hereto as **Exhibit D**, and are incorporated herein by reference.

35. Defendant did not respond to the December 17, 2024, email or letter.

36. As of the filing of this Complaint, Defendant has refused to cease and desist from its use of the TOP STEP FX designation.

37. Topstep has not sat idle—Topstep has already successfully asserted the TOPSTEP Marks to takedown two of Defendant's Instagram accounts, which operated under the usernames topstepfxcom and top.stepfx, but Topstep has since discovered a *third* Instagram account, operating under the username fxpectrader, in which Defendant continues to willfully infringe Topstep's TOPSTEP trademark by displaying a profile image with the TOPSTEP FX designation. Topstep also enforced the TOPSTEP Marks to remove a Google Ad by Defendant featuring the "Top Step FX" designation, only to find that Defendant created a new advertisement featuring the "TopStepFX" designation—both ads purchased by Defendant to appear above any of the genuine, organic search results for Topstep. Both ads have been removed/restricted by Google based on Topstep's trademark rights in and to the TOPSTEP trademark.

38. Defendant's TOP STEP FX and TOPSTEP FX designations are confusingly similar to Topstep's TOPSTEP Marks—in fact, they incorporate Topstep's TOPSTEP trademark in its entirety, adding only the letters FX, which is a well-known acronym for "foreign exchange, a global market for trading currencies." The similarities in sight, sound, and meaning between Defendant's TOP STEP FX and TOPSTEP FX designations and the TOPSTEP Marks are likely to confuse consumers and trade on the goodwill built up in the TOPSTEP Marks.

9

39. The services purportedly marketed and sold by Defendant under the TOP STEP FX and TOPSTEP FX designations are identical, or closely related, to the goods and services covered by the TOPSTEP Marks, such that the parties are in direct competition and, therefore, are likely to create confusion among consumers regarding whether Defendant's services come from the same source or are somehow connected with or sponsored by Topstep.

40. Upon information and belief, the services purportedly sold by Defendant under the TOP STEP FX and TOPSTEP FX designations and the goods and services in connection with which Topstep has used and is using the TOPSTEP Marks are or are likely to be promoted, distributed, and sold in the same marketing channels.

41. Upon information and belief, the services marketed and sold by Defendant under the TOP STEP FX and TOPSTEP FX designations and the goods and services in connection with which Topstep has used and is using the TOPSTEP Marks are sold to the same classes of consumers, exercising ordinary caution. Given the degree of similarity of the parties' marks, even a knowledgeable purchaser may be confused, mistaken, or deceived.

42. Upon information and belief, Defendant selected and adopted its TOP STEP FX designation in an effort to take advantage of and profit improperly from the reputation, goodwill, and positive associations of Topstep's TOPSTEP Marks.

43. Topstep has not authorized the use of the TOPSTEP Marks, or any portion thereof, by Defendant in any manner. Topstep continues to be harmed by Defendant's unauthorized use of the TOPSTEP Marks.

44. Defendant's continued infringement of the TOPSTEP Marks is willful.

45. Defendant's conduct has caused and will continue to cause irreparable injury to Topstep's goodwill and reputation, for which Topstep has no adequate remedy at law.

## COUNT I
### Federal Trademark Infringement – 15 U.S.C. §§ 1114, 1125

46. Topstep incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

47. Topstep's use of the TOPSTEP Marks predates any alleged use by Defendant.

48. Topstep owns the exclusive rights to the TOPSTEP Marks.

49. Notwithstanding Topstep's well-known and prior common law and statutory rights in the TOPSTEP Marks, Defendant has, with actual and constructive notice of Topstep's federal rights, and long after Topstep established its rights in the TOPSTEP Marks, adopted and used the designations TOP STEP FX and TOPSTEP FX in conjunction with the sale, offering for sale, distribution, and/or advertising of its goods and services, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of those goods and services in interstate commerce.

50. In view of the identity of the respective marks, the identical or related nature of the goods and services, similarity of the channels of trade, and overlap of the class of purchasers, Defendant's use of the designations TOP STEP FX and TOPSTEP FX is likely to cause confusion, or to cause mistake, or to deceive purchasers as to source by suggesting that Defendant's goods and services are associated or affiliated with, or approved, endorsed, authorized, or sponsored by Topstep, when in fact they are not.

51. Defendant's use of the designations TOP STEP FX and TOPSTEP FX without the authorization of Topstep is likely to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendant's goods and services and the sponsorship or endorsement of those goods and services by Topstep.

52. Topstep has not authorized, licensed, or otherwise condoned or consented to Defendant's use of the TOPSTEP Marks.

53. Despite the fact that Defendant has actual knowledge of Topstep's rights in and to the TOPSTEP Marks, Defendant has used, and upon information and belief, will continue to use the TOPSTEP Marks in complete disregard of Topstep's rights.

54. Through its continued use of the TOP STEP FX and TOPSTEP FX designations, Defendant has misappropriated Topstep's substantial rights in and to the TOPSTEP Marks, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Topstep, enjoy the selling power of the TOPSTEP Marks, and allow Defendant to improperly blunt and interfere with Topstep's continued promotion and expansion of the TOPSTEP Marks.

55. Upon information and belief, Defendant's unlawful acts were committed with full knowledge of Topstep's rights and with the intention of deceiving and misleading the public.

56. Upon information and belief, Defendant's unlawful acts were committed with full knowledge of Topstep's rights and with the intention of causing harm to Topstep.

57. Upon information and belief, Defendant's unlawful acts were committed with full knowledge of Topstep's rights and with the intention of misappropriating and wrongfully trading upon the valuable goodwill and reputation of Topstep and the TOPSTEP Marks.

58. Defendant's infringing activities have caused and will continue to cause irreparable harm to Topstep if Defendant is not restrained by this Court.

59. As a direct and proximate result of Defendant's unlawful infringement, Topstep has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT II
## Federal Unfair Competition & False Designation Of Origin - 15 U.S.C. § 1125(a)

60. Topstep incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

61. Topstep's use of the TOPSTEP Marks predates any alleged use by Defendant.

62. Defendant's unauthorized use of the TOP STEP FX and TOPSTEP FX designations is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant or Defendant's goods and services or commercial activities with Topstep or Topstep's goods and services, or commercial activities, or as to the origin, sponsorship, or approval of Defendant's goods and services or commercial activities by Topstep.

63. Defendant's use of the TOP STEP FX and TOPSTEP FX designations is competing unfairly with Topstep in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. The aforesaid acts of Defendant constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. The aforesaid acts of Defendant were committed willfully, with full knowledge of Topstep's rights, and with the intention of deceiving and misleading the public and causing harm to Topstep.

66. As a direct and proximate result of Defendant's infringing and unlawful acts, Topstep has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

67. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Topstep to suffer irreparable harm.

## COUNT III
### Federal False Advertising - 15 U.S.C. § 1125(a)

68. Topstep incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

69. Topstep's use of the TOPSTEP Marks predates any alleged use by Defendant.

70. Defendant's unauthorized use of the TOPSTEP Marks, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendant's goods and services or commercial activities.

71. Defendant's use of the TOPSTEP Marks is a false or misleading statement of fact in a commercial advertisement about a product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72. Defendant's use of the TOPSTEP Marks in interstate commerce in connection with its trading talent evaluation program services has either deceived or has the capacity to deceive a substantial segment of potential consumers, and such deception is material, in that it is likely to influence the consumers' purchasing decisions.

73. The aforesaid acts of Defendant constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74. The aforesaid acts of Defendant were committed willfully, with full knowledge of Topstep's rights, and with the intention of deceiving the public and causing harm to Topstep.

75. As a direct and proximate result of Defendant's infringing and unlawful acts, Topstep has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

76. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Topstep to suffer irreparable harm.

## COUNT IV
### Violation Of The Uniform Deceptive Trade Practices Act Under Illinois Law

77. Topstep incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

78. Topstep's use of the TOPSTEP Marks predates any alleged use by Defendant.

79. Defendant's unauthorized use of the TOPSTEP Marks in connection with its services is likely to cause confusion or mistake or to deceive as to the source or origin of its services, resulting in unfair competition and deceptive trade practices in violation of the Deceptive Trade Practices Act under Illinois law, 815 ILCS 510.

80. The aforesaid acts of Defendant were committed willfully, with full knowledge of Topstep's rights, and with the intention of deceiving and misleading the public and causing harm to Topstep.

81. As a direct and proximate result of Defendant's unlawful acts, Topstep has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

82. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Topstep to suffer irreparable harm.

## COUNT V
### Trademark Infringement & Unfair Competition – Illinois Common Law

83. Topstep incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

84. Topstep's use of the TOPSTEP Marks predates any alleged use by Defendant.

85. The aforesaid acts of Defendant constitute trademark infringement in violation of common law.

86. The aforesaid acts of Defendant were committed willfully, with full knowledge of Topstep's rights, and with the intention of deceiving and misleading the public and causing harm to Topstep.

87. As a direct and proximate result of Defendant's infringing and unlawful acts, Topstep has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

88. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Topstep to suffer irreparable harm.

89. The aforesaid acts of Defendant constitute unfair competition in violation of common law.

90. The aforesaid acts of Defendant were committed willfully, with full knowledge of Topstep's rights, and with the intention of deceiving and misleading the public and causing harm to Topstep.

91. As a direct and proximate result of Defendant's infringing and unlawful acts, Topstep has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

92. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Topstep to suffer irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Topstep respectfully demands judgment finding that Defendant is infringing and diluting Topstep's trademark rights, competing unfairly with Topstep, falsely

associating its goods and services and commercial activities with Topstep, and engaging in deceptive trade practices, and that Defendant's actions are deliberate, intentional, and willful violations of Topstep's rights in and to its trademarks, and ordering:

A. That Defendant, its officers, directors, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert with it, be enjoined preliminarily and permanently from:

(i) using the TOPSTEP Marks, or any other logo, device, word mark, or trade dress that is a colorable imitation of, or is confusingly similar to, Topstep's TOPSTEP Marks, in connection with the advertising, distribution, marketing, offering for sale, or sale of any trading programs or related goods and services without express authorization by Topstep;

(ii) representing in any manner or by any method whatsoever, that goods, services or other products provided by Defendant are sponsored, approved, authorized by, or originate from Topstep or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such goods or services;

(iii) infringing the TOPSTEP Marks; and

(iv) competing unfairly with Topstep in any manner.

B. That Defendant be required to deliver up to Topstep for destruction all products, containers, labels, packaging, wrappers, signs, prints, banners, posters, brochures, literature, catalogs, or other advertising, marketing, or promotional materials and the like bearing or distributed under the TOP STEP FX or TOPSTEP FX designations, or any confusingly similar variations thereof;

17

C. That Defendant, within 30 days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Topstep's attorneys a written report under oath setting forth in detail the manner in which Defendant has complied with the injunctive relief ordered;

D. That Defendant be required to engage in corrective advertising with all distributors, vendors, sales representatives, and account managers that received products, containers, labels, packaging, wrappers, signs, prints, banners, posters, brochures, literature, catalogs, or other advertising, marketing, or promotional materials comprised of or bearing the TOP STEP FX or TOPSTEP FX designations, to mitigate the damage done to Topstep's reputation and to the distinctive quality of the TOPSTEP Marks, including the harm to the goodwill associated with the TOPSTEP Marks, from Defendant's unlawful conduct;

E. That Defendant be required to account for and pay over to Topstep the profits received and the cumulative damages sustained by Topstep by reason of Defendant's unlawful acts of trademark infringement, trademark dilution, false association, unfair competition, and deceptive trade practices herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Topstep;

F. That Topstep be awarded restitution and/or disgorgement of Defendant's profits;

G. That Topstep be awarded its reasonable costs and attorneys' fees;

H. That Topstep be awarded punitive damages; and

I. That Topstep be awarded such other and further relief as the Court may deem equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Topstep hereby demands a trial by jury on all issues so triable in this action.

Dated: June 17, 2025

Respectfully submitted,

/s/*Angela R. Gott*
Angela R. Gott (0082198)
agott@beneschlaw.com
Lidia C. Mowad (*pro hac vice* pending)
lmowad@beneschlaw.com
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114-1284
(216) 363-4671 (telephone)
(216) 363-4588 (facsimile)

Laura M. Schaefer (6321447)
lschaefer@beneschlaw.com
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606-4637
(312) 212-4973 (telephone)
(216) 363-4588 (facsimile)

*Attorneys for Plaintiffs*
*Topstep LLC and TopstepTechnologies LLC*